UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No.: 1:21-cv-22159-JEM/BECERRA

VENIT JEAN BAPTISTE,

    Plaintiff,

v.

VICTORIA BOURLAND, *et al.*,

    Defendants.

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR REFERRAL TO VOLUNTEER ATTORNEY PROGRAM

**THIS CAUSE** came before the Court upon Plaintiff Venit Jean Baptiste's Application for Leave to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [3], and Motion for Referral to Volunteer Attorney Program (the "Referral Motion"), ECF No. [4]. This matter was referred to the undersigned pursuant to an Order of Reference by the Honorable Jose E. Martinez, United States District Judge, ECF No. [6].

Plaintiff, a *pro se* litigant, has not paid the required filing fee, and as such, the screening provisions of 28 U.S.C. Section 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id*. § 1915 (e)(2) (alterations added). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Complaint and

Referral Motion be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.[1]

I.   DISCUSSION

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought...." Fed. R. Civ. P. 8(a).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To state a plausible claim for relief, a plaintiff must "plead[] 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Jones v. Gadsden Cnty. Sch.*, 755 Fed. App'x. 954, 955 (11th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).  With respect to whether a complaint "fails to state a claim on which relief may be granted," Section 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir. 1997).

---

[1] The undersigned notes that, based upon Plaintiff's total lack of income reported in the Motion, Plaintiff meets the financial requirements to proceed *in forma pauperis*.  *See* ECF No. [3].  There is no specific guidance regarding an income threshold to determine indigency for plaintiffs in federal civil cases.  In federal bankruptcy cases, however, 28 U.S.C. § 1930 provides that fees may be waived if an individual's income is less than 150% of the federal poverty guideline.  In addition, the undersigned notes that Section 57.082, Florida Statutes, provides specific guidance regarding the determination of indigency for persons filing lawsuits in Florida state courts.  Pursuant to that statute, a person is indigent if their income is equal to or below 200% of the federal poverty guidelines.  § 57.082 (2)(a)(1), Fla. Stat. (2012).  The 2022 Department of Health and Human Services' Poverty Guidelines for a family of one is $13,590.00; and for a family of two it is $18,310.00.  *See* Department of Health and Human Services Poverty Guidelines, available at https://aspe.hhs.gov/poverty-guidelines (last visited Feb. 21, 2022).

As a *pro se* litigant, Plaintiff is entitled to the Court's liberal construction of the Complaint. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (*per curiam*). Nonetheless, the Court may dismiss the Complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). Plaintiff has filed a Complaint, ECF No. [1], which seeks relief against several entities, including Olympia Heights Elementary School ("Olympia Heights"), Miami-Dade Schools Police, and Miami-Dade County Public Schools. ECF No. [1]. Plaintiff also seeks relief against several individuals, including Victoria Bourland, the Principal of Olympia Heights Elementary; Director Lucy Iturrey, the district supervisor; Barbara Mendizabal, the district superintendent; and Gabriella Cerrito, a school officer. *Id.* Plaintiff's Complaint includes a statement of claim that is a hand-written, single paragraph document that merely states the following:

> Defendant 1, 2, 3, 4, 5, and 7 violated the Plaintiff's Human Rights and Civil Rights. The aggrieved party was injured by a bully on December 2, 2019. The defendant(s) failed to not only protect the plaintiff from acts of violence, but has also created a false ultimatum to protect themselves; Defendant(6) was aware of Defendant(4) actions.

ECF No. [1] at 5. Upon review of Plaintiff's Complaint, the undersigned finds that it does not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer what the claim or claims for relief against Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). Plaintiff merely contends that her minor daughter was injured by a bully on December 2, 2019, without providing any factual allegations that would implicate Defendants as to the alleged injury of her minor daughter. Indeed, Plaintiff does not allege what actions Defendants did or did not take that could form the basis for any theory of liability. Instead, the allegations are conclusory and bare. Plaintiff's factual allegations are insufficient to allow this

3

Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Jones*, 755 Fed. App'x. at 955.

As to Plaintiff's Referral Motion, in order for a court to refer a plaintiff for *pro bono* representation, "the court must consider the likelihood of success on the merits and the complexity of the legal issues involved in the case." *Harris v. City of Portland*, No. 3:15-CV-00853-HZ, 2015 WL 4111884, at *2 (D. Or. July 7, 2015) (citation omitted). Because "[a]s currently stated, [Plaintiff's] complaint does not contain information sufficient for the Court to construe a valid claim, much less to assess the complexity of the legal issues involved or the likelihood of success on the merits[,]" the Referral Motion should be denied without prejudice. Plaintiff may file another motion for appointment of counsel should she decide to file an amended complaint. *See id.*

Finally, Plaintiff lists the only plaintiff as herself, but also makes a note "for (minor child)" in the caption. S*ee* ECF No. [1] at 1. As pled, the undersigned is unable to determine whether Plaintiff brings claims on her own behalf or that of her minor child.[2]

## II.  RECOMMENDATION

Therefore, in accordance with the foregoing Report and Recommendation, the undersigned hereby **RECOMMENDS** that Plaintiff's Complaint and Motion for Referral to Volunteer

---

[2] "Although Federal Rule of Civil Procedure 17(c) 'permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel." *Hill v. Dempsey*, No. 4:16CV279-RH/CAS, 2016 WL 3369263, at *1 (N.D. Fla. May 16, 2016), *report and recommendation adopted*, No. 4:16CV279-RH/CAS, 2016 WL 3360502 (N.D. Fla. June 16, 2016) (quoting *Devine v. Indian River County School Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds*. Thus, although a minor may "'sue by a next friend,' that capacity is a separate and distinct consideration from whether one has the 'ability to proceed pro se in civil actions in federal court on [another person's] behalf.'" *Id.* (citing *Bar-Navon v. Sch. Bd. of Brevard Cnty.*, No. 6:06cv1434, 2006 U.S. Dist. LEXIS 78408, at *4-5 (M.D. Fla. Oct. 27, 2006)).

Attorney Program be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

### III.   OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on February 21, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE