UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-22159-CIV-MARTINEZ/BECERRA

VENIT JEAN BAPTISTE,

    Plaintiff,

v.

VICTORIA BOURLAND, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the Honorable Jacqueline Becerra for all pretrial proceedings. (*See* ECF No. 6). Magistrate Judge Becerra issued a report and recommendation ("R&R") on Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP Motion"), (ECF No. 3), and Motion for Referral to Volunteer Attorney Program ("Motion for Referral"), (ECF No. 5). (ECF No. 7). Pursuant to 28 U.S.C. § 1915(e), Judge Becerra recommended that (1) Plaintiff's complaint be dismissed without prejudice for failure to state a claim; (2) the IFP Motion be denied as moot; and (3) the Motion for Referral be denied. (ECF No. 7). Plaintiff timely filed objections to the R&R. (ECF No. 8). The Court has conducted a *de novo* review of the issues presented by the Plaintiff's Objections.

The R&R recommends dismissing the complaint for failure to state a claim. Judge Becerra found that Plaintiff's complaint fails to provide "sufficient factual matter to allow the Court to reasonably infer what the claim or claims for relief against Defendants may be." (ECF No. 7 at 3). In addition, Plaintiff's complaint contains bare and conclusory allegations and does not identify what actions Defendants took that could form the basis for any theory of liability. (*Id.*). The R&R

further finds that as pled, the Court is unable to discern whether Plaintiff is bringing a claim on behalf of herself or her minor child. (*Id.* at 4). The Court agrees with this finding in its entirety.

While Plaintiff's objections provide more factual background, Plaintiff cannot amend her complaint through her Objections to the R&R. *See Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment"); *Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 n.4 (N.D. Ga. 2019) ("A plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss."). The proper procedure is to file an amended complaint that complies with Rule 8. As such, even granting Plaintiff the liberal construction afforded to *pro se* litigants, the Court cannot infer within Plaintiff's narrative any claim for relief against any of the Defendants named in the Complaint. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (*pro se* complaints still must contain "some factual support for a claim"). As such, the Complaint must be dismissed.

Given Plaintiff's Objections, the Court will allow her to file an amended complaint. Should Plaintiff wish to file an amended complaint, it must comply with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida. First, Plaintiff must separate each cause of action against each Defendant into a different count. Further, pursuant to Fed. R. Civ. P. 10(b), the amended complaint must state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Plaintiff must clearly write the name of each Defendant who is a party to this action and specify which Defendant is responsible for each act or omission that forms the basis of her claims. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

2

The amended complaint must also comply with Fed. R. Civ. P. 8(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8(a) provides that a pleading which states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). Moreover, to the extent Plaintiff attempts to bring a civil rights claim against Defendants, the Court notes that the Eleventh Circuit has tightened the application of Rule 8 with respect to these cases, in an effort to identify meritless claims. *See GJR Investments v. Cty of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a civil rights plaintiff must allege with specificity the facts which make out her claim. *See Wilson v. Strong,* 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'") (citation omitted). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where the Court must determine whether a defendant's actions violated a clearly established right. *GJR Investments,* 132 F.3d at 1367.

For the foregoing reasons, it is hereby:

**ADJUDGED** that United States Magistrate Judge Becerra's Report and Recommendations (ECF No. 7) is **AFFIRMED** and **ADOPTED** in its entirety. Accordingly, it is:

**ADJUDGED** that:

1. Plaintiff's complaint, (ECF No. 1), is **DISMISSED without prejudice**. Plaintiff may file an amended complaint **no later than March 21, 20222**. Failure to do so shall result in the Court closing this case.

2. Plaintiff's IFP Motion, (ECF No. 3), is **DENIED as moot**.

3. Plaintiff's Motion for Referral, (ECF No. 5), is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 7 day of March, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Becerra
All Counsel of Record