## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE No.: 1:21-cv-22159-JEM/BECERRA

VENIT JEAN BAPTISTE,

     Plaintiff,

v.

VICTORIA BOURLAND, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR REFERRAL TO VOLUNTEER ATTORNEY PROGRAM

**THIS CAUSE** came before the Court upon Plaintiff Davon Dorvil's Application for Leave to Proceed *In Forma Pauperis* (the "IFP Motion"), ECF No. [11], and Motion for Referral to Volunteer Attorney Program (the "Referral Motion"), ECF No. [12], filed by Venit Jean Baptiste, Plaintiff's mother and legal guardian. This matter was referred to the undersigned pursuant to an Order of Reference by the Honorable Jose E. Martinez, United States District Judge, ECF No. [6].

Plaintiff, a *pro se* litigant, has not paid the required filing fee, and as such, the screening provisions of 28 U.S.C. Section 1915(e) apply. Pursuant to that statute, courts are permitted to dismiss a suit "any time . . . the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alterations added). For the reasons explained below, the undersigned **RECOMMENDS** that Plaintiff's Amended Complaint and Referral Motion be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

1

Venit Jean Baptiste filed the first Complaint in this case, ECF No. [1], the first Application for Leave to Proceed *In Forma Pauperis* (the "First IFP Motion"), ECF No. [3], and the first Motion for Referral to Volunteer Attorney Program (the "First Referral Motion"), ECF No. [4]. Because the first Complaint "d[id] not include sufficient factual matter, accepted as true, to allow the Court to reasonably infer what the claim or claims for relief against Defendants may be," the undersigned recommended that the First Referral Motion be denied without prejudice and that the First IFP Motion be denied as moot.  ECF No. [7] at 4.  The Report and Recommendation further noted that the "undersigned [was] unable to determine whether Plaintiff brings claims on her own behalf or that of her minor child."  ECF No. [7] at 4.

In the Amended Complaint, Davon Dorvil is listed as the sole Plaintiff.  ECF No. [10].  In particular, Plaintiff is a minor, and the action was filed by his mother.  *See id.*  "[T]he right to proceed *pro se* is an extension of an individual's freedom to manage their case as they choose." *Blum v. Perry*, No. CV419-291, 2020 WL 1978404, at *2 (S.D. Ga. Feb. 13, 2020), *report and recommendation adopted sub nom. JAY A. BLUM; & A.B. (a minor child), Plaintiffs, v. SALLY HORTAN PERRY, et al., Defendants*, No. 4:19-CV-291, 2020 WL 1974403 (S.D. Ga. Apr. 24, 2020) (citing *Gallo v. United States*, 311, F. Supp. 2d 446, 448–49 (E.D. Va 2004)).  However, "[a]lthough Federal Rule of Civil Procedure 17(c) 'permits authorized representatives, including parents, to sue on behalf of minors, [it] does not confer any right upon such representatives to serve as legal counsel."  *Hill v. Dempsey*, No. 4:16CV279-RH/CAS, 2016 WL 3369263, at *1 (N.D. Fla. May 16, 2016), *report and recommendation adopted*, No. 4:16CV279-RH/CAS, 2016 WL 3360502 (N.D. Fla. June 16, 2016) (quoting *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).  In the case of minors, it is "presumed [that

2

they] lack the capacity to intelligently make such choices" so as to proceed *pro se*. *Blum*, 2020 WL 1978404, at *2 (citing *Gallo*, 311, F. Supp. 2d at 49). Moreover, a parent who is not an attorney may not file an action on their child's behalf without counsel, indeed, such a prohibition "helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007)).

An action like this one, where a parent attempts to represent their child *pro se,* is subject to dismissal. *FuQua v. Massey*, 615 Fed. App'x. 611, 613 (11th Cir. 2015) (unpublished) (holding that "the district court properly granted the motion to dismiss because FuQua sought to represent her minor daughter, but, as a non-attorney, she was not permitted to do so") (quoting *Devine*, 121 F.3d at 581). The Court previously advised in the Report and Recommendation on the First IFP Motion and the First Referral Motion that a parent cannot proceed *pro se* on behalf of a child. ECF No. [7] at 4 n.2. Plaintiff nevertheless seeks to bring this action without representation. Because Plaintiff, a minor, remains unrepresented, the undersigned **RECOMMENDS** that the Amended Complaint be **DISMISSED.**

Therefore, the undersigned hereby **RECOMMENDS** that Plaintiff's Amended Complaint and Referral Motion be **DISMISSED WITHOUT PREJUDICE** and that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be **DENIED AS MOOT**.

## II.    OBJECTIONS

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.

Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."   11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, on June 10, 2022.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**